IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-CR-30129-MJR |
| | ) | |
| CHRIS GILKEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**REAGAN, District Judge**:

   Before the Court is the United States of America's Motion for Order Regarding Restitution and Victim Issues (Doc. 32). The Court finds that it is impracticable for the Government and the Probation Office to prepare a complete accounting of the individual losses sustained by each of several thousand victims. The motion (Doc. 32) is hereby **GRANTED**.

   Pursuant to Title 18, United States Code, Sections 3771(d)(2), 3663A(c)(3), and 3664(a) & (d)(1) & d(2), and in light of the fact that a complete accounting is impracticable, no further resources of the Government need be expended in an attempt to develop an accounting from the paper records seized by the Government. In the context of this case, best efforts to afford victims their rights have been made, as contemplated by Title 18, United States Code, Section 3771(d). Under Title 18, United States Code, Section 3663A and 3664(a) & (d)(1) & d(2), the number of potential victims in this case is so large as to make restitution impracticable. The burden on the sentencing process, which includes a requirement that the Probation Office verify restitution

amounts, outweighs the need to develop a complete accounting of victim losses in a restitution order.

**IT IS SO ORDERED.**

**DATED: October 9, 2012**

                                                    **s/** *Michael J. Reagan*
                                                   **MICHAEL J. REAGAN**
                                                   **UNITED STATES DISTRICT JUDGE**